[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of marriage. The plaintiff and the defendant married on July 22, 1989 in Bridgeport, Connecticut. Both parties have resided continuously in the State of Connecticut for at least one year next preceding CT Page 8412 the date of the filing of the complaint; therefore, this court has jurisdiction. There are three minor children, issue of the marriage: Alice C., born August 25, 1990, Lyddy C., born January 22, 1992 and Katie-John, born July 27, 1993. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is thirty-three years old and in good health. He is a high school graduate with several semesters of college; he did not finish college for academic reasons. For the most part the plaintiff has worked for his father in the property development and restaurant business. It was while working at one of his father' s restaurants that he first met the defendant. He currently manages one of his father's newest ventures, named "Fishing Buddies", a coffee house and sandwich shop in downtown Bridgeport which is open for breakfast and lunch. His weekly salary is $450 gross, $335 net. The plaintiff supplements this income by working one evening a week as a bartender at another restaurant, making tips of approximately $100 gross, $80 net.[1] Therefore, the plaintiff's total net weekly income is approximately $415.
The defendant is 40 years old and is also in good health. She takes medication for depression, but this condition does not affect her employment. The defendant has a college degree in education, and has done some post-graduate work toward her masters. She is, and has been for the last six years, a tenured teacher for the City of Bridgeport school system. The plaintiff earns $642 per week gross, $458 per week net.[2]
The court believes that there are at least two predominant causes for the breakdown of this marriage. One is financial. The parties have had money problems since the inception of the marriage. The first marital home was lost almost immediately through foreclosure, in 1990 or 1991. Additionally, the plaintiff made grandiose predictions about taking early retirement and having no financial worries, predictions which he could not deliver on. In fact, the plaintiff's longest running employment, working for his father's former pub, stopped when the pub shut down in 1995. The marriage never recovered from that financial blow. However, the court would be remiss if it did not add that, as unlikely as some of the plaintiff's financial predictions were, it was equally naive for the defendant to believe or rely on them.
CT Page 8413 A second cause of the breakdown was both parties', but predominantly the plaintiff's substance and alcohol abuse. Both parties used drugs and drank to excess during the marriage. At one time the plaintiff was in an inpatient rehabilitation center. He has been in more than one alcohol related motor vehicle accidents. In the court's view, the plaintiff especially has not come fully to grips with these problems. This all having been said, there is shared responsibility for the breakdown of this marriage, with the slight edge going to the plaintiff as the more culpable.
The parties fought, argued and bickered their way through this marriage. The defendant previously filed for a legal separation in 1995, but later withdrew the action. The parties' contempt for one another, especially the defendant's acrimony for the plaintiff, has unfortunately permeated their families. The families are polarized and infected by the parties' will. Both parties' fathers testified concerning their perceived shortcomings of their in-law. There is also a separate case on the court' s docket brought by the plaintiff's father and mother for visitation with their grandchildren.
The in-fighting has greatly affected the children. Despite her denials, the court believes that the defendant has indoctrinated the children to discourage visitation with the plaintiff and the plaintiff's parents. The court can only hope that both parties, especially the defendant, put aside their differences for the sake of their children.
The court has considered all of the statutes made and provided for family and dissolution cases, included but not limited to C.G.S. §§ 46b-81 and 46b-82, and enters the following orders:
 (1) The marriage is dissolved on the grounds of an irretrievable breakdown.
 (2) The parties shall have joint legal custody of the minor children, issue of the marriage, with physical custody and primary day to day decision-making with the defendant.
 (3) The plaintiff shall have visitation as set forth and on such terms and conditions as stipulated to before the court (Ballen, J. and Kavanewsky, J., on March 4, 1998), which stipulation shall be filed with the court and is hereby incorporated by reference.
CT Page 8414
 (a) In addition, the plaintiff shall have visitation as follows: Every other holiday of the following holidays, on a continuous cycle, from 10 a.m. until 5 p.m, New Year's Day, President's Day, Memorial Day, July 4th, Labor Day, Columbus Day, Veteran's Day and Christmas Day, provided that on such Christmas Days as the plaintiff has visitation, he shall have no visitation the Christmas Eve before.
 (b) In addition, the plaintiff shall have visitation as follows: On the plaintiff's birthday, from 12 noon to 5 p.m., and on the children's birthdays from 10 a.m. to 2 p.m. provided that, in the event that all or part of the visitation is precluded as the result of the children being in school, the plaintiff shall have visitation for at least two hours following the end of the school day.
 (c) Unless the parties agree otherwise, the plaintiff shall be responsible for all pick ups and drop offs of the children. All pick ups shall be at the "Penguin" in Lordship and all drop offs shall be at the defendant's residence. The plaintiff shall have another adult with him at all pick ups and drop offs. The defendant shall not be present at pick ups unless she cannot, using her best efforts, obtain an adult facilitator for pick ups. In that event she may be present for pick ups, but they shall instead be at the police department in the town of the defendant's residence.
 (d) Neither party shall disparage the other or the other's family in front of the children, and the defendant shall do or say nothing to prevent, impede, or discourage the plaintiff's visitation with the children.
 (4) The plaintiff shall pay to the defendant, as and for child support, the sum of $190 per week, until the youngest child reaches the age of 18 years or for so long as she continues to reside with the defendant and is a full-time high school student but not beyond the age of 19 years.
(5) Neither party is awarded alimony.
 (6) The parties and the children shall participate in counseling as stipulated before the court (Ballen, J., on March 4, 1998) which stipulation shall be filed with the court and is hereby incorporated by reference. In addition, each party shall complete a CT Page 8415 parenting education program within 90 days of the date hereof, at each's sole cost and expense.
 (7) Attorney Barbara Binford, attorney for the minor children, is awarded $6,520 which shall be shared equally by the parties, and paid at the rate of $25 per week by each party until satisfied.
 (8) Attorney Margarita Moore, guardian ad litem for the minor children, is awarded $5,064 which shall be shared equally by the parties, and paid at the rate of $25 per week by each party until satisfied.
 (9) The plaintiff shall be entitled to claim the child Alice, and the defendant shall be entitled to claim the children Lyddy and Katie-John as dependency exemptions.
 (10) The defendant shall maintain such health and dental insurance as may be available through her employment, for the benefit of the minor children. The cost thereof shall be shared equally by the parties, and the plaintiff shall reimburse the defendant for his share of the cost thereof semiannually, each January 1st and July 1st, for the preceding six months. In addition, all co-pays, deductibles and unreimbursed and uncovered medical, dental, orthodontia, psychological and psychiatric expenses for the minor children shall be shared equally by the parties.
 (11) The plaintiff and the defendant shall share equally the following liabilities, and each shall hold the other harmless against and shall indemnify the other from more than their share, as set forth in the defendant s financial affidavit:
 United Illuminating ($ 370), SNET ($ 275), Dr. Abe Schachter ($1,208). Bridgeport Monroe Pediatrics ($ 30), St. Vincent's Hospital ($ 50), Dr. Robert Russo ($ 55.80) Sears ($1,534.00), Lordship Co-Op ($1,450.00) and Paint Products ($ 400).
 (12) Unless or to the extent as more specifically set forth herein, each party shall retain the assets and be responsible for the liabilities as set forth in their respective financial affidavits.
 (13) Each party shall be responsible for their for their own attorney's CT Page 8416 fees.
(14) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
JOHN F. KAVANEWSKY, JR., JUDGE